DOUCET, Judge.
This is a suit for benefits allegedly due under a group insurance plan issued under a master policy by Georgia International Life Insurance Company. •
*268 Plaintiff, Charles Schrumpf, had dental work performed by his dentist, Dr. H. G. Guidry, and filed a claim. This claim was rejected by defendant based upon their contention that this dental work was an excluded charge from their coverage.
Plaintiff filed a Motion for Summary Judgment and affidavits of plaintiff and Dr. Guidry in support thereof! A Motion for Summary Judgment was likewise filed by the defendant with an affidavit in support thereof. The trial court denied plaintiff’s Motion for Summary Judgment and granted defendant’s Motion for Summary Judgment. Judgment was signed on June 18, 1981. The plaintiff has perfected this appeal from the judgment of the trial court. We affirm.
The plaintiff contends that the trial court erred in granting defendant’s motion for summary judgment based on an erroneous interpretation of LSA-R.S. 22:213.1 and the insurance policy.
LSA-R.S. 22:213.1 states the following: § 213.1 Applicability of policy to dental care
Whenever the terms “physician” or “medical doctor” are used in any accident and sickness policy, medical service plan, or other contract providing for the payment of surgical procedures which are specified in the policy or contract or are performed in an accredited hospital in consultation with a licensed physician and are within the scope of a dentist’s professional license, said terms shall be construed to include a dentist, licensed under the laws of the State of Louisiana governing the practice of dentistry under Chapter 9, Title 37, Louisiana Revised Statutes, who performs such specified procedures.
This section shall be applicable only with respect to policies delivered or issued for delivery in this state with an initial inception date on or after July 31, 1974; provided that whenever the carrier of said policy, plan, or contract provides for a dental program therewith, or by a supplementary policy, plan, or contract, then the payment of benefits for the surgical procedures mentioned hereinabove shall be made pursuant to the provisions of the dental program of said carrier. Added by Acts 1974, No. 544, § 1.
Plaintiff argues that the plain meaning of LSA-R.S. 22:213.1 is that if a policy of insurance uses the term “physician” or “medical doctor”, (the policy at issue uses the term physician) and the policy provides for payment of “surgical procedures”, then services performed by qualified dentists are covered.
Our reading of the statute indicates that the statute requires that the policy provides for the payment of surgical procedures “which are specified in the policy or contract or are performed in an accredited hospital in consultation with a licensed physician”.
The group insurance policy involved is very clear in its exclusion of benefits for the care and treatment of teeth. The pertinent exclusion provisions of the policy are as follows:
“The following ‘excluded charges’ are specifically excluded from coverage:
All charges which are not specifically included in the definition of Eligible Charges hereinabove set forth and in addition any charges incurred by the employee for his own sickness or injury or for the sickness or injury of a family member while the employee or family member is insured for Major Medical Expense Benefits:
(1) for the care and treatment of the teeth, gums or alveolar process, or for dentures, appliances or supplies used in such care and treatment except for hospital charges incurred while a resident patient and provided the expenses were expenses incurred as a result of and within twelve months after an accident suffered while insured hereunder for treatment of injuries to natural teeth including replacement of such teeth, or for setting of a jaw fractured or dislocated in such accident; ...”
Clearly appellant’s contention that if a policy of insurance uses the term “physician” or *269 “medical doctor” then services provided by a qualified dentist are covered is erroneous. Therefore, the only question is to determine the applicability of the statute to examine whether the policy had a specific provision covering the services rendered. It is clear from our review of the record that appellant did not have his dental work performed in a hospital and furthermore the work involved was specifically excluded under the policy.
Our interpretation of the statute is that it provides that benefits otherwise payable shall not be denied solely by the reason of the service being performed by a dentist. For example, if the insurance policy would normally provide coverage for the setting of a fractured jaw by a licensed physician, said benefits would not be denied because the service was performed by a dentist.
This interpretation of the intent and purpose of LSA-R.S. 22:213.1 is further supported by the Fourth Circuit in Davey v. Louisiana Health Service and Indemnity Company, 357 So.2d 1170 (La.App. 4th Cir. 1978), writ refused, La., 359 So.2d 194. While we recognize that Davey, supra, was not decided on the basis of the statute, due to the fact that the policy was issued prior to the effective date of the statute the Fourth Circuit did state its interpretation of the statute. The court made the following comment at 357 So.2d 1172:
“By La. Acts 1974, No. 544, § 1, now codified as La.R.S. 22:213.1 (Supp.1977), the legislature sought to prevent the refusal of insurance companies to pay claims for surgical procedures by dentists.”
LSA-R.S. 22:213.1 does not require the inclusion of dental coverage in all policies of insurance issued in Louisiana and therefore, as the services rendered in the instant matter were clearly excluded, the trial court did not err in granting defendant’s motion for summary judgment.
Appellant’s request for attorney’s fees is moot in light of our determination as to coverage of the policy.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff.
AFFIRMED.